LAUR and wife, Appellants, vs. CHICAGO & NORTH WESTERN RAILWAY COMPANY, Respondent.

*September 11—October 8, 1957.*

568

570

For the appellants there was a brief and oral argument by *Paul Pike Pullen* of Milwaukee.

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *E. H. Borgelt, Kurt H. Frauen,* and *Anton Motz* of counsel, all of Milwaukee, and oral argument by *Mr. Motz.*

Brown, J.   The effect of plaintiffs' requested instruction, particularly in its last sentence, is to inform the jury that if the railroad embankment once obstructed natural drainage, the railroad forever after is obligated to do such things as may be necessary to drain plaintiffs' lands as thoroughly as they were drained before there was any construction by the railroad.

There is no contention that the culvert did not provide the Laur lands with adequate drainage before the Hackbarth lands were filled.   The court's instruction, applied to the evidence before the jury, told the jury that the railroad must give plaintiffs not such drainage as they had when the Laur and Hackbarth lands were in their original state but such drainage as the Laurs enjoyed after the natural flow of surface water had been altered by the change in elevation of Hackbarth's property.   If, as Laur, himself, testified, after the Hackbarth fill was commenced the course of drainage was reversed and surface water then flowed through the culvert onto Laurs' own property, it was Hackbarth's legal alterations in her land which caused Laurs' lands to be flooded, not the presence of the railroad embankment.   Surface water did not then flow across the depression from Laur to Hackbarth nor was a flow in that direction stopped by the railroad embankment.   Neither did the culvert any longer provide an escape for Laurs' surface water.   Under such circumstances the statute does not require the railroad to maintain it or to substitute other drainage facilities for Laurs' lands.   We consider the court's

instruction, the evidence being what it was, correctly informed the jury of the plaintiffs' rights and defendant's obligations.

The trial court submitted this question to the jury:

"Question No. 1: Just prior to the time that the railroad culvert between the Hackbarth and the Laur land was obstructed, did surface water naturally flow and percolate from the Laur land toward the Hackbarth land?"

In view of what we have just said concerning the instruction to the jury we believe this inquiry correctly propounded the question upon which all else depends. The jury answered it, "No." The evidence overwhelmingly supports the answer. Without such flow the railroad was not obliged to maintain the culvert, nor did its obstruction cause the damage of which plaintiffs complain.

The question which plaintiffs requested and which they allege it was error not to submit was:

"Question No. 1: Did the defendant, Chicago & North Western Railway Company, fail to, at all times, maintain a sufficient ditch or ditches, culverts, or other outlets to allow the free and unobstructed flow and percolation of surface water from the lands of the plaintiffs?"

An affirmative answer to this question would be immaterial unless the flow from the lands of plaintiffs was toward the Hackbarth property and was obstructed by the railroad embankment and the closed culvert. Since the preliminary question was answered in the negative no duty devolved upon the railroad to provide plaintiffs with drainage facilities. No error appears in the refusal of the trial court to include the requested question in the verdict.

Plaintiffs also submit that the court erred in denying their motion to change the answer of question 1 from "No" to "Yes." The answer as given conforms to the evidence. We find no error.

*By the Court.*—Judgment affirmed.